RECEIVED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2021 FEB -3 PM 2:22

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

LUIS F. MESA, JR.,

    Plaintiff,

vs.

Case No.: 8:21 cv 260 T 33 SPF

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

DEFENDANT, WAL-MART STORES EAST, L.P. ("WAL-MART"), by and through its undersigned attorney, pursuant to 28 U.S.C. §1446(a) hereby files this Notice of Removal from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, based on diversity jurisdiction as set forth in 28 U.S.C. §1332(a), and in support thereof states:

    1.    The federal district court has jurisdiction of any "civil actions in which the matter in controversy exceeds the sum or value of $75,000 . . . and is between – citizens of different states." 28 U.S.C. §1332(a)(1).

## COMPLETE DIVERSITY EXISTS AMONGST THE PLAINTIFF AND DEFENDANT

    2.    Wal-Mart is a foreign limited partnership which for the purposes of diversity jurisdiction under 28 U.S.C. 1332(c)(1), is, and was at the time the above captioned case was filed in State Court, a "resident" of Arkansas and Delaware.

    3.    WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

4. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

5. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

6. Wal-Mart Stores Inc., is, and was at the time of the filing of the Complaint, an incorporated entity under the laws of the State of Delaware.

7. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of the filing of the Complaint, Bentonville, Arkansas.

8. Hence, Wal-Mart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

9. Plaintiff alleges in his Complaint that he is a resident of Florida.

10. Therefore, as the Plaintiff is a resident of Florida, and Wal-Mart Stores East, LP, is a citizen of Arkansas and Delaware, complete diversity exists under 28 U.S.C. §1332.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11. The Plaintiff seeks money damages for alleged personal injuries that exceed $75,000.00. Wal-Mart specifically denies the Plaintiff's entitlement to said damages.

12. Pursuant to 28 U.S.C. § 1446(b), a defendant may remove a case from a State court within thirty days following receipt of "an amended pleading, motion, order or other paper" rendering the action removable.

13. A removing defendant bears the burden of proving that federal jurisdiction exists by presenting documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Alabama Power, 483 F.3d 1184, 1218 (11th Cir. 2007).

14. The Plaintiff's admission through his Response to Defendant's Request for Admissions is a clear and unambiguous statement that establishes that the amount in controversy exceeds $75,000, allowing for removal if complete diversity exists. See, Exhibit A. In further support thereof, Plaintiff's alleged damages for the at-issue incident, currently exceed $75,000.00. See, Composite Exhibit B (Plaintiff's medical billing records).

## CONCLUSION

15. Therefore, Defendant would ask the Court to accept the Plaintiff's Response to Defendant's Request for Admissions as sufficient evidence of the amount in controversy and would respectfully request removal of this case to Federal Court pursuant to 28 U.S.C. §1146(b), as jurisdiction is proper because complete diversity exists and the amount in controversy exceeds $75,000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Florida Court's E-Portal to Dominic R. Scavo, Esq., David D. Neiser, Esq. and Matthew A. Dolman, Esq. at pleadings@dolmanlaw.com and to Russell F. Berman, Esq. at service@thebermanlawgroup.com on February 3, 2021.

/s/ Andrew S. Bolin, Esq., BCS
Andrew S. Bolin, Esquire, BCS
Florida Bar No. 0569097
Christie Alisca, Esquire
Florida Bar No. 124020
*Bolin Law Group*
1905 E. 7th Avenue

Tampa, FL 33605
T: (813) 848-0600; F: (813) 848-0090
amc@bolin-law.com
jec@bolin-law.com
zgj@bolin-law.com
Attorneys for Defendant